**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**NICHOLAS T. BILLMAN,**

    **Petitioner,**

        **v.**

**UNITED STATES OF AMERICA,**

    **Respondent.**

        **CASE NO. 2:20-CV-3213
        CRIM. NO. 2:16-CR-00043
        JUDGE JAMES L. GRAHAM
        Magistrate Judge Kimberly A. Jolson**

**ORDER and
REPORT AND RECOMMENDATION**

Petitioner, a federal prisoner, has filed a Motion to Vacate under 28 U.S.C. § 2255. (Doc. 47). This matter is before the Court on to its own motion to consider the sufficiency of the petition pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED** pursuant to Rule 4. Petitioner's request for an evidentiary hearing is **DENIED**. The Motion to Proceed *in forma pauperis* (Doc. 48) is **DENIED as moot**.

## I.      BACKGROUND

Petitioner pleaded guilty pursuant to the terms of his Second Amended Plea Agreement to a Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2, and carrying and brandishing a machine gun during and in relation to a crime of violence, a violation of 18 U.S.C. § 924(c). (*See* Doc. 71, filed under seal). On January 13, 2017, the District Court imposed an aggregate term of 242 months' imprisonment, pursuant to the agreement of the parties, plus five years of supervised release. (Docs. 43, 44).

On June 25, 2020, Petitioner filed this Motion to Vacate under 28 U.S.C. § 2255. (Doc. 47). He asserts that his conviction under § 924(c) violates *United States v. Davis*, — U.S. —, 139 S.Ct. 2319 (2019) (invalidating the "residual clause" of § 924(c)(3)(B) as constitutionally

invalid), and that the evidence failed to establish the use of force required for a conviction on a Hobbs Act robbery under 18 U.S.C. § 1951. For the reasons that follow, these claims do not provide Petitioner a basis for relief.

## II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

To obtain relief under 28 U.S.C. § 2255, a prisoner must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

In addition, "it is well-established that a § 2255 motion 'is not a substitute for a direct appeal.'" *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (quoting *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003)). Accordingly, if a claim could have been raised on direct appeal, but was not, the Court will not consider the claim via a § 2255 motion unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claim previously; or (2) that he is "actually innocent" of the crime. *Ray*, 721 F.3d at 761 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

## III.    LAW AND ANALYSIS

Petitioner asserts that his § 924(c) conviction violates *Davis,* 135 S.Ct. at 2319, because the predicate offense for his § 924(c) conviction on a Hobbs Act robbery did not involve the use,

2

attempted use, or threatened use of force to qualify as a crime of violence under § 924(c)(3)(A). According to Petitioner, witness statements and a video recording of the robbery will show that he did not use force or act in a threatening manner.  He assured the alleged victim(s) that he would not hurt them and kept his weapon pointed at the ground.

To the extent that Petitioner now argues that the evidence was constitutionally insufficient to establish his guilt of a Hobbs Act robbery because he did not act with the requisite force, Petitioner has waived the right to raise such a claim by entry of his guilty plea.  *See United States v. Roberts*, Nos. 2:14-cv-01208, 2:12-cr-131, 2015 WL 7424858, at *2 (S.D. Ohio Nov. 23, 2015) (citing *United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 266–67 (1973); *United States v. Ashe*, 47 F.3d 770, 775–76 (6th Cir. 1995); *United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982)).  Petitioner has already admitted his guilt to using actual or threatened force in the furtherance of the robbery of the Hilltop General Store.  A defendant is ordinarily bound by the representations that he makes under oath during a plea colloquy.  *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977).

In any event, a claim of insufficiency of the evidence does not provide a basis for relief under 28 U.S.C. § 2255.  "The United States Court of Appeals for the Sixth Circuit has repeatedly and consistently held that the 'sufficiency of the evidence to support a conviction may not be collaterally reviewed on a § 2255 proceeding' and that such a claim must be raised on direct appeal."  *Mitchell v. United States*, Nos. 2:05-CV-274; 2:04-CR-02, 2007 WL 325762, at *3 (E.D. Tenn. Jan. 31, 2007) (quoting *United States v. Osburne*, 415 F.2d 1021, 1024 (6th Cir. 1969)).

Further, a Hobbs Act robbery involves a "crime of violence" under § 924(c)(3)(A).  *See United States v. Jones*, No. 1:16-cr-17, 2019 WL 6941769, at *3 (N.D. Ohio Dec. 16, 2019).

Hobbs Act robbery is a "crime of violence" because the definition of robbery "clearly 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another' as necessary to constitute a crime of violence under [the elements clause of] § 924(c)(3)(A)." *Gooch*, 850 F.3d at 291-92; *see also United States v. Camp*, 903 F.3d 594, 597 (6th Cir. 2018) (confirming that Hobbs Act robbery is a "crime of violence" under the elements clause). For this reason, even in the wake of *Davis,* courts within the Sixth Circuit consistently find that § 924(c) convictions premised on Hobbs Act robbery convictions withstanding constitutional scrutiny. *See, e.g., United States v. Harris*, No. 15-cr-20089, 2019 WL 4746746, at *3 (E.D. Mich. Sept. 30, 2019) (denying § 2255 motion to vacate § 924(c) conviction premised on Hobbs Act robbery); *Daniels v. United States*, No. 3:16-cv-1551, 2019 WL 4167325, at *4 (M.D. Tenn. Sept. 3, 2019) (same); *United States v. Brooks*, No. 5:16-cr-7-JMH-EBA-2, 2019 WL 4231618 (E.D. Ky. Aug. 19, 2019) (report and recommendation advising to deny § 2255 motion challenging § 924(c) conviction predicated on Hobbs Act robbery conviction), adopted, 2019 WL 4228364 (E.D. Ky. Sept. 5, 2019); *see also United States v. Littles*, No. 14-20484, 2019 WL 4511683, at *1 (E.D. Mich. Sept. 19, 2019) (upholding § 924(c) conviction premised on carjacking, after *Davis,* noting that "the Sixth Circuit has held that Hobbs Act robbery, which, similar to carjacking, requires proof that the defendant used 'actual or threatened force, or violence, or fear of injury, immediate or future', falls within § 924(c)'s force clause") (quoting *Camp*, 903 F.3d at 597); United *States v. Walker*, No. 19-10239, 2019 WL 4126557 (E.D. Mich. Aug. 30, 2019) (finding § 924(c) constitutional where underlying crime of violence was bank robbery, which has as a necessary element the use of force and violence or intimidation).

*Id.* (footnotes omitted); *see also Wallace v. United States*, No. 3:19-cv-1122, 2020 WL 2194002, at *5 (M.D. Tenn. May 6, 2020) (citations omitted) ("[T]he crime of robbery affecting commerce still qualifies as a crime of violence under the elements clause of 924(c)(3)(A).").  Thus, *Davis* does not impact Petitioner's conviction on carrying and brandishing a machine gun during and in relation to a crime of violence under § 924(c) and does not provide him a viable basis for relief.

### IV.    DISPOSITION

For the reasons set forth above, it is **RECOMMENDED** that this action be **DISMISSED**.  Petitioner's request for an evidentiary hearing is **DENIED**.  The Motion to Proceed *in forma pauperis* (Doc. 48) is **DENIED as moot**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.


Date:  July 13, 2020

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE