**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**NICHOLAS T. BILLMAN,**

        **CASE NO. 2:20-CV-3213**
   **Petitioner,**       **CRIM. NO. 2:16-CR-00043**
        **JUDGE JAMES L. GRAHAM**
   **v.**       **Magistrate Judge Kimberly A. Jolson**

**UNITED STATES OF AMERICA,**

   **Respondent.**

**OPINION AND ORDER**

On July 13, 2020, the Magistrate Judge issued a Report and Recommendation pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings recommending that the Motion to Vacate under 28 U.S.C. § 2255 be dismissed.  Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation.  (ECF No. 60.)  Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review.  For the reasons that follow, Petitioner's Objection (ECF No. 60) is **OVERRULED**.  The Report and Recommendation (ECF No. 49) is **ADOPTED** and **AFFIRMED.**  The Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 47) is **DISMISSED.**

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his January 2017 convictions pursuant to his negotiated guilty plea on a Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2, and carrying and brandishing a machine gun during and in relation to a crime of violence, a violation of 18 U.S.C. § 924(c). He asserts that his conviction under § 924(c) violates *United States v. Davis*, -- U.S. --, 139 S.Ct. 2319 (2019) (invalidating the "residual clause" of § 924(c)(3)(B) as constitutionally invalid), and that the evidence failed to establish the use of force required for a conviction on a Hobbs Act

robbery.  The Magistrate Judge recommended dismissal of Petitioner's claims as failing to provide a basis for relief.  Petitioner objects to the Magistrate Judge's recommendations.

Petitioner states that he pleaded guilty because he faced life imprisonment and had no other choice, but denies his guilt of a Hobbs Act robbery and states that he did not use force.  Although he did not raise the issue previously, he now asserts that he asked his attorney to file a notice of appeal but she failed to do so.  He did not earlier raise this claim, as it took him some time to learn that no appeal had been filed due to prison transfers and state court proceedings.  Petitioner also references the First Step Act.  He states that he was a first-time offender and a drug addict and requests immediate release with recommended drug treatment.

As discussed, Petitioner waived his right to raise an issue regarding the insufficiency of the evidence to sustain his conviction by the entry of his guilty plea.  (*Report and Recommendation*, ECF No. 49, PAGEID # 113.)  Moreover, his *Davis* claim plainly does not provide him relief.  Courts within the Sixth Circuit have consistently found that *Davis* does not affect § 924(c) convictions premised on a Hobbs Act robbery.  *See United States v. Jones*, No. 1:16-cr-17, 2019 WL 6941769. At *3 (N.D. Ohio Dec. 16, 2019) (citations omitted).  Additionally, Petitioner cannot now amend this federal habeas corpus petition via these objections to include a claim that his attorney failed to file an appeal after being requested to do so.  In any event, the claim plainly is time-barred.

Petitioner's conviction became final under the provision of 28 U.S.C. § 2255(f)(1) on January 31, 2017, fourteen days after the Judgment of sentence, when the time period expired to file a timely appeal.  *See* Fed. App. R. 46(b)(1)(A); *Mote v. United States*, Nos. 2:16-cv-115, 2:12-cr-234, 2018 WL 8544777, at *3 (S.D. Ohio Mar. 3, 2018).  The statute of limitations began to run on the following day and expired one year later, on February 1, 2018.  Petitioner

waited more than two years and nine months to raise his claim of ineffective assistance of counsel.  Further the record reflects no basis for equitable tolling of the statute of limitations. *Holland v. Florida*, 560 U.S. 631, 648 (2010)(A petitioner is entitled to equitable tolling only when he shows that: (1) "he has been pursuing his rights diligently," and (2) that "some extraordinary circumstance stood in his way and prevented timely filing.")  Petitioner does not indicate when he learned that no appeal had been filed or indicate what efforts he made to learn about the status of his appeal.  Under these circumstances, he cannot establish that he acted diligently.   *See Mote v. United States*, 2018 WL 8544777, at *3-4 (citing *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) ("[T]o the extent Brown claims that he believed mistakenly that counsel was prosecuting an appeal on his behalf, this does not qualify [as diligence] because Brown failed in his duty to monitor the status of his appeal"); *Adams v. United State*, No. 2:13-CV-234, 2014 WL 5369425, at *4 (S.D. Ohio Oct. 21, 2014) (discussing cases where equitable tolling was not warranted even though a petitioner's attorney failed to file a direct appeal); *Taylor v. United States*, No. 4:10-CR-35, 2017 WL 4052378, at *4 (E.D. Tenn. Sept. 13, 2017) (finding that petitioner was not entitled to tolling even though he allegedly asked his counsel to file a direct appeal and he did not learn that counsel did not do so until "years" later; petitioner failed to monitor his case and discover that no appeal had been filed); *Crump v. United States*, No. 1:12-CV-768, 2013 WL 4010231, at *3 (W.D. Mich. Aug. 5, 2013) (finding that the petitioner was not entitled to tolling because he "failed to exercise due diligence and discover that his counsel had not filed an appeal"); *Mendenhal v. United States*, No. 3:05-CR-053, 2012 WL 441196, at *2 (E.D. Tenn. Feb. 12, 2016) (finding that petitioner was not entitled to tolling; although petitioner became concerned about his appeal after he did not hear back from his counsel and his family could not reach counsel for more than ten months after sentencing,

nothing prevented petitioner or his family from contacting the Clerk's office to determine if a notice of appeal had been filed); *Edwards v. United States*, No. 1:09-CV-1029, 2010 WL 4279251, at *2, (W.D. Mich. Oct. 25, 2010) (finding that equitable tolling was not warranted even though petitioner believed his attorney had filed an appeal; petitioner failed to monitor the status of his appeal by contacting another source of information, such as the Clerk, after he did not hear from his counsel).

To the extent that Petitioner now attempts to raise an issue under the First Step Act, he likewise failed to earlier raise this claim, and it is beyond the scope of the Motion to Vacate. Again, however, in any event, it does not provide him relief.  The First Step Act changes to the penalties for multiple § 924(c) convictions do not affect Petitioner's case, as he only pleaded guilty to one § 924(c) count.  In addition, the First Step Act does not apply retroactively to Petitioner's case.  *See United States v. Wiseman,* 932 F.3d 411, 417 (6th Cir. 2019).

For these reasons and for the reasons addressed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection (ECF No. 60) is **OVERRULED**.  The Report and Recommendation (ECF No. 49) is **ADOPTED** and **AFFIRMED.**  The Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 47) is **DISMISSED.**

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court now considers whether to issue a certificate of appealability.  28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)  When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have

been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). This Court is not persuaded that reasonable jurists would debate the dismissal of this action. The certificate of appealability therefore is **DENIED.**

**IT IS SO ORDERED**.

Date: November 20, 2020

        s/James L. Graham
JAMES L. GRAHAM
UNITED STATES DISTRICT JUDGE